UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOE RUIZ,

   Plaintiff,     CIVIL NO. 13-2634(NLH)(JS)

 v.

CAMPBELL SOUP COMPANY, and   OPINION
CAMPBELL SOUP COMPANY
SEVERANCE PAY PLAN FOR
SALARIED EMPLOYEES

   Defendants.

**APPEARANCES:**

MARC A. WEINBERG
SAFFERN & WEINBERG
815 GREENWOOD AVE.
SUITE 22
JENKINTOWN, PA 19046

 On behalf of plaintiff

ALISON CHRISTINA MORRIS
DUANE MORRIS LLP
30 SOUTH 17th STREET
PHILADELPHIA, PA 19103

 On behalf of defendants

**HILLMAN**, District Judge

 Before the Court is defendants' motion to dismiss plaintiff's complaint. For the reasons expressed below, defendants' motion will be converted to a motion for summary judgment on the issue of failure to exhaust administrative remedies. The remaining arguments raised in defendants' motion

to dismiss will be denied without prejudice with leave to refile upon resolution of the summary judgment motion.

## I. BACKGROUND

According to his complaint, plaintiff, Joe Ruiz, began working for defendant Campbell Soup Company in October 1984. Plaintiff became eligible for severance benefits under the Campbell Soup Company Severance Pay Plan for Salaried Employees (the "Plan") in the event he was discharged. On March 22, 2010, plaintiff was terminated. Plaintiff claims that although he was eligible for benefits, he was denied severance benefits.

Plaintiff claims that defendants violated the Employee Retirement Income Security Act (ERISA) by wrongfully excluding him from the Plan, by violating their fiduciary duties, and by unlawfully interfering with his ability to receive ERISA benefits. Plaintiff also claims, conditionally, for retroactive benefits under ERISA.

Defendant has moved to dismiss plaintiff's complaint for failure to properly plead, or in the alternative, for a more definite statement. Plaintiff has opposed defendant's motion.

## II. JURISDICTION

This Court has federal question jurisdiction over this matter pursuant to Sections 404, 405, 502(a) and 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1104, 1105, 1132(a), and 1140.

**III. DISCUSSION**

**A.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether

3

the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly

formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.

1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  See Fed. R. Civ. P. 12(d).

    **B.**    **Exhaustion of Administrative Remedies**

"ERISA itself does not contain an exhaustion requirement, but it does require covered benefit plans to provide administrative remedies for persons whose claims for benefits have been denied."  Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 Fed.Appx. 192, 193 (3d Cir. 2008) (citing 29 U.S.C. § 1133; Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007).  "Accordingly, courts have long held that an ERISA plan participant must exhaust the administrative remedies available under the plan before seeking relief in federal court unless the participant can demonstrate that resort to the plan remedies would be futile.  Id. (citing Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249-51 (3d Cir. 2002); Weldon v. Kraft, 896 F.2d 793, 800 (3d Cir. 1990)).  Exhaustion is a non-jurisdictional affirmative defense.  Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007).  Therefore, defendants must demonstrate the plaintiff failed to exhaust his administrative remedies.

Here, defendants argue that all or part (Counts I, II and IV) of plaintiff's complaint should be dismissed because he failed to exhaust in a timely manner his administrative remedies when he failed to file an appeal of denial of benefits within 60 days of receipt of the denial pursuant to Section 9.2(c) of the Plan. Defendants refer to the letter attached to the complaint dated April 25, 2013, from Robert J. Centonze, Vice President – Global Compensation & Benefits for Campbell Soup Company to plaintiff's attorney, stating that on October 11, 2011, Robert Morrissey, Campbell's Vice President – Human Resources North America, sent copies of both the Plan and the Summary Plan Description to Plaintiff's attorney, and that Mr. Morrissey's letter denied plaintiff's claim for severance benefits. Further, Mr. Centonze states that he has reviewed plaintiff's appeal for severance benefits and concluded that his appeal is untimely because it was not filed within 60 days of the denial notification. Mr. Centonze also states that even if the appeal were timely, he found it without merit. Mr. Centonze concludes "You have completed the administrative appeal process authorized by the Plan. If you disagree with my determination of your appeal, you have the right to file an action in the United States District Court challenging this determination."

Plaintiff responds that he completed the administrative process and in support of his argument attaches to his opposition additional letters written by his attorney to defendants dated September 22, 2011, December 22, 2012, and February 28, 2012, as well as the October 11, 2011 Morrissey letter and a letter dated March 22, 2012, from Donald B. Shanin, Vice President – Corporate Compliance and Deputy General Counsel for Campbell Soup Company to plaintiff's attorney.

In considering a motion to dismiss, the Court only considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). If matters outside of the pleadings are considered, then the motion is treated as a motion for summary judgment. See Fed.R.Civ.P. 12(d). When converting a 12(b)(6) motion to one for summary judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent the motion." Id. Generally, a court should give notice of its intent to convert a defendant's motion to dismiss into a motion for summary judgment so that the plaintiff is not subjected to "summary judgment by ambush." In re Bayside Prison

Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002). In this case, plaintiff has presented the additional materials, not defendant. However, the additional materials address an affirmative defense raised by the defendants. Defendants state that the Court should not consider them because they are outside the pleadings, but also relies on the letters in support of their argument that plaintiff failed to timely exhaust his administrative remedies.

In the interest of procedural fairness to all parties, the Court will convert defendant's motion to dismiss to a motion for summary judgment only on the issue of failure to exhaust administrative remedies. In this regard, the parties will have reasonable opportunity to present all material relevant to a summary judgment motion on this issue. See Fed.R.Civ.P. 12(d); Handy v. Varner, No. 12-1091, 2013 WL 1567601, at *2 (W.D.Pa. Apr. 12, 2013) (converting portion of motion to dismiss raising failure to exhaust administrative remedies defense to a motion for summary judgment).

In addition, the parties are directed to address the issue of whether failure to file a timely administrative appeal simply completes the administrative process, thereby permitting plaintiff to file in court, or whether failure to file a timely administrative appeal forever bars a plaintiff from filing in

9

court.  The parties are directed to fully brief this issue, and include support from case law and citations to the record, and attach any pertinent affidavits and exhibits.

Accordingly, the Court will enter an Order for the submission of a summary judgment motion and briefing regarding exhaustion of administrative remedies.[1]  The remaining arguments raised in defendants' motion to dismiss will be denied without prejudice with leave to refile should the case go forward after determination of the exhaustion of administrative remedies issue.[2]

Date:<u>December 30, 2013</u>          <u>  s/Noel L. Hillman       </u>
                                     NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

---

[1] Defendants are directed to file a formal motion for summary judgment pursuant to Fed.R.Civ.P. 56 and Local Rule 56.1(a) raising only the issue of exhaustion of administrative remedies. The parties shall follow Local Rule 7.1 with regard to the filing of a response and reply.

[2] All of defendants' remaining arguments are preserved to be raised at a later date, and nothing in this Opinion shall be construed to be a denial on the merits.